IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 18, 2007

## STATE OF TENNESSEE v. MICHAEL ANTHONY SALES

**Appeal from the Circuit Court for Bedford County**
**Nos. 16,142 and 16,143     Lee Russell, Judge**

———

**No. M2007-00743-CCA-R3-CD - Filed February 6, 2008**

———

The defendant, Michael Anthony Sales, pleaded guilty to two counts of violating an habitual traffic offender order and was sentenced to consecutive terms of five years and six months in the Department of Correction for each offense.  On appeal, the petitioner argues that the sentence he received is excessive and contrary to law.  We affirm the sentence of the trial court.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS JR., JJ., joined.

Christopher P. Westmoreland, Shelbyville, Tennessee, for the appellant, Michael Anthony Sales.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and Michael Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On November 20, 2006, the Bedford County Grand Jury indicted the defendant on two counts of violating an habitual traffic offender order, *see* T.C.A. § 55-10-613.  The defendant submitted an open guilty plea to both offenses on January 29, 2007.  On March 23, 2007, a sentencing hearing was held, and the trial court sentenced the defendant as a Range III, persistent offender to five years and six months in the Department of Correction for each offense.  The trial court ordered the sentences be served consecutively for an effective sentence of eleven years.[1]

---

[1]The trial court also sentenced the defendant to an additional ten day sentence for contempt of court to be served consecutively with the habitual motor offender sentences.  The contempt sentence was not appealed by the defendant.

At the sentencing hearing, the State submitted the pre-sentence investigation report and copies of the defendant's prior conviction judgments. The State noted the defendant had five prior felony convictions, which put him in the persistent offender category.

The defendant testified that he was from Lincoln County and had been living in Shelbyville for most of his life. He testified that he worked for James Ferrell for three years before his current incarceration and would return to work for him if he were released. The defendant testified that he has local family and a place to live if released. The defendant testified that prior to being incarcerated he lived with his wife, three daughters, and five grandchildren. During his incarceration, his wife provided the family's sole source of income.

The defendant testified that he took full responsibility for his prior criminal record but stressed, "I'm not that person anymore." When questioned about his most recent domestic assault charge, the defendant testified that he had three teenage girls and can be an overprotective father who goes "a little bit too far."

The defendant admitted he had no reason to be driving when he violated the habitual traffic offender order the first time. He testified the second offense occurred because he thought his daughter was going into labor, and his wife was not home to drive her to the emergency room. The defendant testified that he was stopped on his way home from the hospital.

The defendant testified that he was on probation for domestic violence when he committed the habitual traffic offender violations in this case. He also admitted that he was on bond for the first habitual traffic offender offense when he committed the second habitual traffic offender offense.

The defendant's wife, Angela Sales, testified that she currently had three daughters and five grandchildren living in the family home. Ms. Sales testified that the defendant helped to support the family financially before being incarcerated, but she had been the only income provider since the defendant had been incarcerated. She stated the children needed the defendant as a father figure.

The defendant filed a timely appeal, but in his brief argues only generally that the sentence imposed is "excessive and contrary to law." The State argues that the trial court properly sentenced the defendant.

When there is a challenge to the length, range or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review of the record with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." *Id*. In the event the record fails to demonstrate the required consideration by the trial court, review of the

sentence is purely *de novo*. *Id*. If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the guilty plea and the sentencing hearings; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors; (6) any statements the defendant made in his behalf about sentencing, and (7) the potential for rehabilitation or treatment. T.C.A. § 40-35-210(a), (b); -103(5); *State v. Holland*, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who is an "especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6) (2006). Nevertheless, a defendant who commits "the most severe offenses, possesses a criminal history evincing a clear disregard for the laws and morals of society, and [has failed] past efforts at rehabilitation" does not enjoy the presumption. *Id*. § 40-35-102(5), (6); *see State v. Fields*, 40 S.W.3d 435, 440 (Tenn. 2001). Furthermore, a defendant's potential for rehabilitation or lack thereof should be examined when determining if an alternative sentence is appropriate. T.C.A. § 40-35-103(5) (2003). Sentencing issues are to be determined by the facts and circumstances made known in each case. *See State v. Taylor*, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

The record in this case reflects that the trial court engaged in a proper review of the relevant sentencing principles and considerations. Accordingly, its sentencing determinations are entitled to the presumption of correctness.

As a persistent offender, the defendant in the present case did not enjoy the presumption of favorable candidacy for alternative sentencing. *See* T.C.A. § 40-35-102(6). In this situation, the state had no burden to justify a sentence involving incarceration. *See, e.g., State v. Michael W. Dinkins*, No. E2001-01711-CCA-R3-CD (Tenn. Crim. App., Knoxville, Apr. 26, 2002); *State v. Joshua L. Webster*, No. E1999-02203-CCA-R3-CD (Tenn. Crim. App., Knoxville, Dec. 4, 2000); *see* T.C.A. § 40-35-103(1). Thus, the burden of establishing suitability for alternative sentencing rested upon the defendant, and he has failed to demonstrate on appeal that he carried this burden below.

The record supports the sentence of the trial court. The trial court properly found the defendant to be a persistent offender because of his five prior felony convictions. *See* T.C.A. § 40-35-107(a)(1). As a persistent offender he was subject to a sentence of four to six years. *See* T.C.A. § 40-35-112(c)(5). The record of the sentencing hearing shows the trial court followed the

sentencing process outlined in Tennessee Code Annotated § 40-35-210. The trial court properly found two enhancement factors: the defendant's prior criminal history and his failure to comply with the conditions of a sentence involving release into the community. *See* T.C.A. § 40-35-114(1), (8). The only mitigating factor found by the court was the fact that the defendant's criminal conduct neither caused nor threatened bodily harm, *see* T.C.A. § 40-35-113(1), and was properly given little weight. Consecutive sentencing in this case was mandatory because the second offense in this case was committed while the defendant was on bond. *See* T.C.A. § 40-20-111(b).

Furthermore, the record establishes a solid basis for the denial of alternative sentencing. The judge explicitly pointed out that the defendant's prior criminal record was the primary reason for denying alternative sentencing. At one point, the judge said "[he has] been committing felonies for over 20 years." We agree with the trial court and need not belabor our explanation.

The defendant has not demonstrated any reversible error committed by the lower court and we accordingly affirm the judgments below.

 

_____

JAMES CURWOOD WITT, JR., JUDGE